

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 11, 1966

Honorable Sylvester Lewis
County Attorney
Lampasas County
Lampasas, Texas

Opinion No. (C-652)

Re: Disposition of fine and court
costs paid by a defendant after
being placed on probation under
the terms of Article 42.13,

Dear Mr. Lewis:

Code of Criminal Procedure, 1966.

You have requested an opinion of this office con-
cerning the following question:

When a defendant has been placed on pro-
bation in accordance with the terms of
Article 42.13, Code of Criminal Proce-
dure of Texas, 1966, commonly referred
to as the Misdemeanor Probation Law, and
at the direction of the Court has paid
a fine and court costs, will these have
to be returned to the defendant upon the
completion of his probationary period or
will the county retain such funds.

The new Code of Criminal Procedure is silent with re-
gard to the question you have presented us. We do note,
however, under the provisions of Article 42.13, Section 5
(b) (8), that one of the terms which may be included in a
misdemeanor probation, reads as follows:

"Pay his fine, if the court so orders and,
if one be assessed, in one or several sums,
. . ."

There is no specific provision in the Misdemanor Pro-
bation Law requiring a defendant to pay court costs, but the
general court cost provisions of the code which apply to
all misdemeanor cases would be applicable in a probation case,
and a defendant granted probation would be liable for the
costs under those statutes if the payment of costs was
ordered by the court as one of the terms of the probation,
and said defendant would not be entitled to have the costs
returned to him after completing his probation.

We further note that in order for a defendant to
receive probation under the terms of the Misdemeanor Probation

Law he must first apply to the court for such probation. In other words, he must ask that he be placed upon probation. It is our opinion that because a defendant must ask for probation, by so doing he necessarily agrees to accept the terms of the probation, which are in accord with Section 5 (b) (8) of Article 42.13, and agrees to pay the fine and costs of court if the court so orders. Therefore he is not entitled to have the fine and costs of court returned to him when he completes his probationary period, and said money shall be retained by the county.

## S U M M A R Y

When a defendant is granted probation under Article 42.13, C.C.P., and is ordered to pay a fine and court costs and does pay same, upon the completion of his probationary period he is not entitled to receive the money back but rather said sum shall be retained by the county.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Sam Kelley_
Sam Kelley
Assistant Attorney General

SK/lh

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Fender
Charles Swanner
Gilbert Pena
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright